UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIANA E. COSTEA,
Plaintiff,

CASE NO.:

vs.

TRANS UNION, LLC,
and BANK OF AMERICA, N.A.
Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DIANA E. COSTEA, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, TRANS UNION, LLC (hereinafter "Transunion"), and BANK OF AMERICA, N.A. (hereinafter "Bank of America")(collectively referred to as the "Defendants") and alleges:

### I. PARTIES

1. Plaintiff is a natural person, a resident of Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA. Plaintiff is a "consumer" as defined by Florida Statute §559.55(2).

2. Defendant TRANSUNION is a Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661 and is subject to the jurisdiction of this Court. Defendant TRANSUNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

3. Defendant BANK OF AMERICA is a national bank with its principal place of business located at 401 N. Tryon St., NC1-021-02-20, Charlotte, NC 28255 and is subject to the jurisdiction of this Court. Defendant Bank of America is a person who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* Supplemental jurisdiction of state law claims is appropriate pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. On November 30, 2004, Diana Costea and Charles Costea purchased a home at 627 Carrol Street, Orange Park, FL 32073.

7. On August 14, 2009, Plaintiff's husband, Charles Costea, filed a Chapter 7 bankruptcy in the Middle District of Florida, Case No. 3:09-bk-06826-JAF. A copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" is attached as Exhibit A. Charles Costea received his discharge on January 4, 2010.

8. Bank of America's mortgage on Mrs. Costea's home at 627 Carrol Street was not listed on Mr. Costea bankruptcy schedules.

9. Plaintiff, Diana E. Costea, did not file bankruptcy and was not listed anywhere on her husband's bankruptcy petition as a debtor.

10. Despite the fact that Diana E. Costea did <u>not</u> file bankruptcy, Defendant Trans Union, LLC reported that Diana E. Costea had filed bankruptcy and listed her two mortgages #204677349 and #155023887 as included in bankruptcy.

11. On December 29, 2009, Defendant Trans Union LLC responded to Mrs. Costea's dispute regarding the bankruptcy error and refused to correct the report. See Exhibit B.

12. On January 13, 2010, Defendant Trans Union LLC responded to Mrs. Costea's second dispute regarding the bankruptcy error and refused to correct the report. See Exhibit C.

13. On February 4, 2010, Defendant Trans Union LLC responded to Mrs. Costea's third dispute regarding the bankruptcy error and refused to correct the report. See Exhibit D.

14. Mrs. Costea's most recent credit report from April 2014 still shows the two Bank of America accounts reflecting Chapter 7 Bankruptcy. See Exhibit E.

15. Neither Experian nor Equifax are reporting the referenced accounts in bankruptcy.

16. Each time that Mrs. Costea disputed the account, Defendant, Bank of America was required to perform a reinvestigation; however, Defendant Bank of America continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

### III. CAUSES OF ACTION

### COUNT I

### CLAIMS AGAINST DEFENDANT TRANSUNION FOR VIOLATIONS OF THE FCRA 15 U.S.C. § 1681 *et seq.*

17. Plaintiff incorporates Paragraph 6-16 above as fully stated herein.

18. Defendant TRANSUNION willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

19. Defendant TRANSUNION willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer report.

20. Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681e (b).

21. Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i.

22. Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

23. Defendant TRANSUNION negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

24. Defendant TRANSUNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

25. In response to the request for reinvestigation, Defendant TRANSUNION improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

26. Defendant TRANSUNION has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

27. Defendant TRANSUNION's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles the Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

28. Defendant TRANSUNION's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff as stated herein, and as a result, Defendant TRANSUNION is liable to compensate the

Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

29. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of the Plaintiff and against Defendant TRANSUNION:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For attorney's fees and costs incurred in this action;

e)  For an Order directing that the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

f) For such other and further relief as the Court may deem just and proper.

## COUNT II

### CLAIMS AGAINST DEFENDANT BANK OF AMERICA, N.A. FOR VIOLATIONS OF THE FCRA 15 U.S.C. § 1681 *et seq.*

30. Plaintiff incorporates Paragraph 6-16 above as if fully stated herein.

31. Defendant BANK OF AMERICA has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

32. Following the reinvestigation, Defendant BANK OF AMERICA reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C.§ 1681s-2(a)(1)(A).

33. Following the reinvestigation Defendant BANK OF AMERICA reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. §1681s-2(a)(1)(A).

34. Following the reinvestigation and dispatch of notice directly to Defendant BANK OF AMERICA at its designated address, Defendant BANK OF AMERICA reported credit information that was in fact not accurate, in violation of the FCRA 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. §1681s-2(a)(1)(B).

35. Following the reinvestigation and dispatch of direct notice to Defendant BANK OF AMERICA, Defendant BANK OF AMERICA failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

36. Defendant BANK OF AMERICA's reinvestigation was not conducted in good faith.

37. Defendant BANK OF AMERICA's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer report.

38. Defendant BANK OF AMERICA's reinvestigation was not conducted reasonably.

39. Defendant BANK OF AMERICA's reinvestigation was not conducted using all information reasonably available to Defendant BANK OF AMERICA.

40. Defendant BANK OF AMERICA's reinvestigation was *per se* deficient by reason of these failures of Defendant BANK OF AMERICA in its reinvestigation of the trade line on the Plaintiff's consumer report.

41. Defendant BANK OF AMERICA's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

42. As a result of Defendant BANK OF AMERICA's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

43. Plaintiff is entitled to recover costs and attorneys fees from Defendant BANK OF AMERICA in amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

44. Additionally, the court may award punitive damages under 15 U.S.C. §1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of the Plaintiff and against Defendant BANK OF AMERICA:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that the Defendants immediately delete all of the inaccurate information from the Plaintiff's credit reports and files and cease reporting the

inaccurate information to any and all persons and entities to whom they report consumer credit information; and

f)   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated: August ___, 2014

Respectfully submitted,

_____
MAX STORY, ESQ.
Florida Bar: 0527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
(904)372-4109 (p)
max@maxstorylaw.com
Attorney for Plaintiff